353 NORTH CLARK STREET, CHICAGO, ILLINOIS 60654

JENNER&BLOCK LLP

June 11, 2019

Elizabeth A. Edmondson
Tel +1 212 891 1606
eedsmondson@jenner.com

**VIA ECF**

The Honorable Eric N. Vitaliano
Senior United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Kennedy v. Mondelēz Global LLC*, Case No. 1:19-cv-302-ENV-SJB
      Request for Pre-Motion Conference for Motion to Dismiss

Dear Judge Vitaliano:

Pursuant to Section III.A of the Court's standing order, I write on behalf of Defendant Mondelēz Global LLC ("MDLZ") to request that the Court hold a pre-motion conference — either during the scheduling conference with Magistrate Judge Sanket Bulsara currently scheduled for June 28[1] or at another time — in anticipation of a motion to dismiss.

The gravamen of Plaintiff's lawsuit is that MDLZ mislabels its Honey Maid graham crackers as "grahams," which allegedly creates the "erroneous impression that graham flour is the predominant or exclusive flour component, as opposed to white flour." Compl. ¶ 10. Notably, Honey Maid graham crackers do not purport to be "made with graham flour"; in fact, the *only* place that the labeling mentions graham flour is in the ingredient list—which discloses that graham flour is *not* the predominant grain in Honey Maid graham crackers. *See id.* ¶ 11. But Plaintiff nonetheless asserts that, "even taken alone, 'grahams' is understood to refer to snacks which have graham flour as the main ingredient." *Id.* ¶ 12.

The premise of Plaintiff's lawsuit is implausible and merits dismissal. Consumers have eaten graham crackers for decades, and they understand the term "grahams" to represent a certain taste, flavor, and texture. Nothing about the term "grahams" implies the presence of graham flour.

To prevail on his consumer fraud claims under New York law, Plaintiff must establish that MDLZ's use of the term "grahams" was "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013). This is an "objective" standard, which is not defined by the unique views of the particular consumer before the Court. *Cohen v. JPMorgan Chase & Co.*, 498 F.3d 111, 126 (2d Cir. 2007). Instead, it requires the Court to "draw on its judicial experience and common sense" in determining

---

[1] By separate motion, MDLZ will seek a short adjournment of the June 28, 2019 conference to accommodate counsel's travel schedule.

whether Plaintiff has stated a plausible claim of deception. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *see also Daniel v. Mondelēz Int'l, Inc.*, 287 F. Supp. 3d 177, 194 (E.D.N.Y. 2018) ("A reasonable consumer does not lack common sense.").

Nothing about the product name "grahams" implies that a product is made of a specific type of flour, let alone that it is the predominant type of flour in the product. Instead, it communicates that Honey Maid grahams are *graham crackers*, which consumers associate with a specific shape, color, texture, and flavor. Many courts have dismissed similar lawsuits based on unreasonable, hyper-literal interpretations of the name of a food product. *See, e.g.*, *McKinnis v. Kellogg USA*, No. 07-2611, 2007 WL 4766060, at *4 (C.D. Cal. Sept. 19, 2007) ("No reasonable consumer would view the trademark "FROOT LOOPS" name as describing the ingredients of the cereal.").

Even if Plaintiff were correct that the term "grahams" is ambiguous, that does not establish a plausible claim of deception. "[I]n determining whether a reasonable consumer would have been misled by a particular advertisement, context is crucial," and "the presence of a disclaimer or similar clarifying language may defeat a claim of deception." *Fink*, 714 F.3d at 741. Courts have routinely applied that principle to hold that an ambiguous labeling statement is not deceptive if the remainder of the packaging—including the ingredient list or other disclaimers—would cure any deception. *See, e.g.*, *In re 100% Grated Parmesan Mktg. & Sales Practices Litig.*, 275 F. Supp. 3d 910, 922 (N.D. Ill. 2017) ("Where a plaintiff contends that certain aspects of a product's packaging are misleading in isolation, but an ingredient label or other disclaimer would dispel any confusion, the crucial issue is whether the misleading content is ambiguous; if so, context can cure the ambiguity and defeat the claim, but if not, then context will not cure the deception and the claim may proceed."); *Workman v. Plum Inc.*, 141 F. Supp. 3d 1032, 1035 (N.D. Cal. 2015) (dismissing false advertising lawsuit where "any potential ambiguity could be resolved by the back panel of the products, which listed all ingredients in order of predominance, as required by the FDA"). Here, even if Plaintiff were correct that *some* consumers might interpret the name "grahams" to refer to the presence of graham flour, a consumer could just as easily construe this phrase to refer to Honey Maid's flavor, shape, or texture. In other words, any potential ambiguity is resolved by the ingredient list, which discloses that Honey Maid Graham crackers contain more white flour than graham flour.

To the extent Plaintiff suggests that this outcome is inconsistent with *Mantikas v. Kellogg Company*, 910 F.3d 633 (2d Cir. 2018), she is mistaken. In *Mantikas*, the Second Circuit held that the plaintiffs had plausibly alleged that they interpreted the phrase "Made with Whole Grain" to suggest that whole grains were the predominant ingredient in Cheez-It crackers, as "reasonable consumers are likely to understand that crackers are typically made predominantly of grain" and "look to the bold assertions on the packaging to discern what *type* of grain." *Id.* at 638. But Honey Maid graham crackers do not purport to be "Made with Graham Flour"; in fact, other than the ingredient list, the packaging does not even mention graham flour. And unlike in *Mantikas*, where the statement "Made with Whole Grains" necessarily implies the presence of whole grains, it is far from clear that a reasonable consumer would interpret the term "grahams" to refer to the presence of graham flour at all — let alone to conclude that it is the predominant ingredient.

Furthermore, Plaintiff's other claims suffer from independent defects that require dismissal:

- Plaintiff's claim for breach of express warranty fails, as his complaint does not allege that he provided MDLZ with pre-suit notice. *See generally* N.Y. U.C.C. § 2-607(3)(a); *Colella v. Atkins Nutritionals, Inc.*, 348 F. Supp. 3d 120, 143 (E.D.N.Y. 2018) (dismissing express warranty claim for lack of pre-suit notice).

- Plaintiff's claim for breach of implied warranty fails, as his complaint does not establish that Honey Maid graham crackers were "unfit to be consumed." *Brumfield v. Trader Joe's Co.*, No. 17-3239, 2018 WL 4168956, at *4 (S.D.N.Y. Aug. 30, 2018).

- Plaintiff's claim for fraud fails, as he fails to allege any facts showing that MDLZ acted with a fraudulent intent beyond a general desire to maximize its profits. *See Davis v. Hain Celestial Grp., Inc.*, 297 F. Supp. 3d 327, 337 (E.D.N.Y. 2018) ("The simple knowledge that a statement is false is not sufficient to establish fraudulent intent, nor is a defendant's 'generalized motive to satisfy consumers' desires [or] increase sales and profits.'") (quoting *In re Frito-Lay N. Am., Inc. All Natural Litig.*, No. 12-2413, 2013 WL 4647512, at *25 (E.D.N.Y. Aug. 29, 2013).

- Plaintiff's claim for negligent misrepresentation is barred by the economic loss rule, which precludes a plaintiff who has "suffered economic loss, but not personal or property injury," from recovering in tort if the has non-tort remedies available. *Weisblum v. Prophase Labs, Inc.*, 88 F. Supp. 3d 283, 297 (S.D.N.Y. 2015) (citation and internal quotation marks omitted).

- Plaintiff's unjust enrichment claim is duplicative of his other claims and is accordingly barred by New York law. *See Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790 (2012)

- Plaintiff lacks standing to seek injunctive relief because he has learned of MDLZ's allegedly "deceptive" advertising, and there is no risk that he will be similarly "deceived" in the future. *See Davis*, 297 F. Supp. 3d at 339 ("To the extent that plaintiff was deceived by defendants' products, he is now aware of the truth and will not be harmed again in the same way.").

Finally, the Supreme Court's decision in *Bristol-Myers Squibb Co. v. Superior Court* precludes Plaintiff from establishing personal jurisdiction over the claims of non-resident class members. 137 S. Ct. 1773, 1780-81 (2017) (holding that court lacked personal jurisdiction over claims of non-resident plaintiffs who "were not prescribed Plavix in California, did not purchase Plavix in California, did not ingest Plavix in California, and were not injured by Plavix in California"). To the extent Plaintiff seeks to assert claims on behalf of class members against MDLZ — which is not a New York resident — based on purchases that took place outside of New York, many courts have made clear that such claims are barred by *Bristol-Myers Squibb*. *See, e.g.*, *Spratley v. FCA US LLC*, No. 17-62, 2017 WL 4023348, at *7 (N.D.N.Y. Sept. 12, 2017) (applying *Bristol-Myers* to hold that "the Court lacks specific jurisdiction over the out-of-state Plaintiffs' claims" when they "have shown no connection between their claims and Chrysler's contacts with New York").

Respectfully submitted,

/s/ Elizabeth A. Edmondson____

**CERTIFICATE OF SERVICE**

  I, Elizabeth A. Edmondson, an attorney, hereby certify that on this 11th day of June, 2019, I caused a true and correct copy of the foregoing Request for Pre-Motion Conference to be served on the following individuals by Electronic Court Filing (ECF):

Spencer Sheehan
Sheehan & Associates, P.C.
505 Northern Blvd., Suite 311
Great Neck, NY 11021
(516) 303-0552
spencer@spencersheehan.com

*Attorney for Plaintiff Keith Kennedy*

                   By: _/s/ Elizabeth A. Edmondson_____